UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK R. SPRINKLE | CIVIL ACTION |
| VERSUS | NO. ~~06-5675~~ 06-7507 |
| LEXINGTON INSURANCE COMPANY | SECTION "C" (4) |

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal. The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties

must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In its Notice of Removal, Lexington Insurance Company ("Lexington"), alleges that the jurisdictional minimum is met, because plaintiff's petition claims that he is entitled to the full value of the policy under Louisiana Revised Statute 22:695 ("Valued Policy Law"). Lexington asserts that the policy in question has limits of $129,000 in coverage for the dwelling, $12,900 in coverage for other structures, $64,500 for personal property and $28,800 for additional living expenses, thus showing damages in excess of the jurisdictional minimum. However, this Court has previously adopted Judge Vance's decision in which she ruled that the Valued Policy Law does not apply when a total loss

is not caused by a covered peril. See, *Maziarz v. Automobile Club Inter-Insurance Exchange, et. al.*, 06-6211 (E.D.La. 11/8/06); *Chauvin v. State Farm Fire & Casualty Co., et. al.* 2006 WL 2228946 (E.D.La.) (J. Vance). As for the allegations in the petition that the house and its contents were totally destroyed, the pre- Hurricane Katrina value of the house and its contents is unknown. Furthermore, the plaintiff attaches to his memorandum a stipulation indicating that the amount in controversy is less than $75,000 exclusive of interest and costs, and that a judgment in excess of that amount will not be sought or enforced.[1] Lexington presents no other proof that the jurisdictional minimum existed at the relevant time.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See: Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial

---

[1] The Court assumes that the stipulation refers to the amount in controversy at the relevant time of removal.

District Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 9th day of November, 2006.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE